NORTHERN MINING & TRADING CO. v.
ALASKA GOLD RECOVERY CO. et al.

Circuit Court of Appeals, Ninth Circuit.
March 30, 1928.

No. 5305.

Appeal and error ⬤1198—Order permitting appropriation of identical property for purpose held unlawful on appeal from former judgment held unauthorized under mandate.

Order of trial court, authorizing appropriation of identical property described in former order for purpose of obtaining site for plant to operate placer mine, *held,* beyond court's authority, under mandate reversing former judgment, which allowed appropriation of property for other specified purposes.

In Error to the District Court of the United States for the territory of Alaska; G. J. Lomen, Judge.

Suit by the Alaska Gold Recovery Company and others against the Northern Mining & Trading Company. From an order authorizing the appropriation of certain property, defendant brings error. Reversed and remanded, with directions.

Thomas R. Lyons and Ira D. Orton, both of Seattle, Wash., for plaintiff in error.

Geo. D. Schofield, of Nome, Alaska, for defendants in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This case was before us on a former appeal and writ of error, where a full statement of the facts will be found. Northern Mining & Trading Co. v. Alaska Gold Recovery Co., 20 F.(2d) 5. On the former review we held that the purpose for which the property was sought to be taken was not authorized by law, saying:

"It is quite manifest to us that these statutes do not authorize the taking of private property for any such use as is here contemplated. The statutes only authorize the taking of private property for rights of way for pole and transmission lines and rights

incidental thereto, or, in other words, 'for the setting of poles or the construction of towers upon which to string wires for telephone and telegraph lines, and lines for the transmission of electric light or power for the operation of aerial trams and to permit of·maintaining the same and keeping it in repair.'"

We were further of opinion that the entire purpose of the appropriation was unauthorized, saying:

"The decision of this question would seem to be decisive of the case and we deem it unnecessary to consider other questions discussed in the briefs of counsel, such as the right of an administrator to maintain an action of this kind. However, if the plaintiffs should elect to claim only such rights as they are entitled to claim under the law, after the case is remanded, the latter question is worthy of serious consideration."

The judgment was thereupon reversed and the case remanded to the court below for further proceedings, permitting the plaintiffs to claim only such rights as they were entitled to claim under the law as construed by this court, if so advised. After the remand, the court entered a second order authorizing the appropriation of the identical property described in the former order and for practically the same purposes.

The only question with which we are concerned at this time is: Did the court below carry out the mandate of this court? Manifestly, it did not. The property appropriated consisted of approximately an acre, described as follows:

"Commencing at the S. E. Cor. of Hunter Beach or Sweet Marie placer at Cor. No. 2 of U. S. mineral survey No. 333 of said claim; thence N. 3° 23' E. 175 feet along line 2–1 of said survey; thence N. 77° 32' W. 200 feet; thence S. 3° 43' W. 125 feet; thence N. 77° 32' W. 85 feet; thence S. 3° 43' W. 50 feet; thence S. 77° 32' E. along line 2–3 of said survey 285 feet, to the place of beginning, containing an area of 90/100 of one acre."

From the foregoing description and from the entire record it becomes at once apparent that the property is not sought or appropriated as a right of way "for the setting of poles or the construction of towers upon which to string wires for telephone and telegraph lines, and lines for the transmission of electric light or power for the operation of aerial trams and to permit of maintaining the same and keeping it in repair."

The order of the court below is therefore reversed, and·the cause is remanded, with

directions to restore the property to the plaintiff in error and to dismiss the proceedings.

DIETRICH, Circuit Judge. I concur only in the view that the second order is not materially different from the first, and must therefore be reversed. But, adhering to the views expressed in my former dissent, I do not think the cause should be dismissed.